**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

LADERIAN McGHEE,

    Petitioner,

    v.  Case No. 09-CV-1011

Greg Grams, Warden Columbia
Correctional Institution,

    Respondent.

# **ORDER**

On October 26, 2009, the petitioner, Laderian McGhee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is currently incarcerated at Columbia Correctional Institution. The petition states that the petitioner was convicted of armed robbery, theft and operating a vehicle without consent.

On October 27, 2009, the petitioner filed a request for the court to stay his petition for a writ of habeas corpus. The petitioner sought a stay so that he can file a petition for review with the Wisconsin Supreme Court. The petitioner's request was granted. Now, the petitioner requests that the court lift the stay. Along with his request to lift the stay, the petitioner filed a petition for a writ of habeas corpus, a copy of his Trust Account Activity Statement from the last six months and a Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs. The court construes the later as a motion to proceed in forma pauperis. However, the petitioner paid the $ 5.00 filing fee and, therefore, his motion to proceed in forma pauperis will be denied as moot.

By his petition, the petitioner challenges the August 11, 2004, judgment of conviction on the following grounds: (1) trial court erred in denying the substitution of trial counsel; (2) ineffective assistance of trial counsel when counsel failed to impeach Officer Shannon Lewandowski with regard to her false trial testimony; (3) trial court erred in forcing the defendant to appear at trial in a stunbelt, shackles, handcuffs and belly chains strapped in a wheel chair; (4) ineffective assistance of trial and postconviction counsel for failing to challenge the unduly suggestive nature of the identifications by the victims; (5) ineffective assistance of counsel for failing to inform the petitioner of the 15 day notice of alibi disclosure requirement; (6) ineffective assistance of counsel for failing to file a timely petition for review with the Wisconsin Supreme Court.

Upon review of the petition, this court is satisfied the petitioner is "in custody" pursuant to the conviction he now challenges. The court is also satisfied that the grounds stated by the petitioner in the petition translate, at least colorably, into a violation of his rights under the United States Constitution. Moreover, it appears from the petition that the petitioner either exhausted his state court remedies or there is no available state corrective process from which the petitioner can still seek a remedy.

Therefore, the court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does <u>not</u> plainly appear from "the face of the petition" that the petitioner is <u>not</u> entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion or other response to the petition for a writ of habeas corpus. After the respondent's answer, motion or other response has been served and filed, the court will enter orders as necessary to facilitate the orderly progression of the action to disposition.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that this case be and hereby is reopened.

**IT IS FURTHER ORDERED** that the respondent be and hereby is directed to serve and file an answer, motion or other response to the petition for a writ of habeas corpus no later than **March 10, 2010**.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the court to the respondent or the respondent's attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the respondent or to the respondent's attorney.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order and the file contents via the United States mail to Gregory M. Weber, Assistant Attorney General, Wisconsin Department of Justice, Office of Attorney General, P. O. Box 7857, Madison, Wisconsin 53701.

**FINALLY, IT IS ORDERED** that a copy of this order shall be mailed to the respondent.

Dated at Milwaukee, Wisconsin this 9th day of February, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge