# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LADERIAN MCGHEE,

    Petitioner,

v.                                                  Case No. 09-CV-1011

GREG GRAMS,

    Respondent.

## ORDER

This habeas case has a somewhat complicated history in this court. On October 26, 2009, the petitioner, Laderian McGhee, who is proceeding pro se, filed a petition for a writ of habeas corpus. On October 27, 2009, the petitioner filed a motion to stay the proceedings in order to further pursue state remedies, which this court granted. On December 29, 2009, the petitioner filed a request to proceed with his petition for a writ of habeas corpus and filed an amended petition. Subsequently, this court ordered the respondent to file a response to the petition.

On April 15, 2010, the respondent filed a motion to dismiss the petition on the ground that it was not filed within the one-year period as required by 28 U.S.C. § 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Specifically, the respondent maintains that this petition was filed beyond the one-year limitation period, even assuming that all of the petitioner's state court filings tolled the limitation period.

In response to the motion to dismiss, the petitioner first filed another motion to stay these proceedings because the petitioner was seeking to reinstate his direct appeal rights in

the state courts. In a letter opposing the motion to stay, the respondent asserted that the stay-and-abeyance procedure is not appropriate for an untimely-filed petition. On May 28, 2010, the petitioner then filed a letter addressing both the motion to dismiss and the respondent's opposition to the petitioner's motion to stay. The petitioner opposed the motion to dismiss on the ground that he was seeking reinstatement of his direct appeal rights by the Wisconsin Supreme Court. The petitioner also stated that his motion to stay should be granted on that same ground.

On June 14, 2010, the respondent filed a letter with this court rather than a formal reply brief. In the letter, the respondent pointed out that if the petitioner's direct appeal rights were reinstated in the state courts, then such an action would render moot his current habeas corpus petition because there would be no final state court judgment on his conviction. At the conclusion of the reinstated appeal, a new one-year limitation period would be triggered for the purposes of the AEDPA. The respondent further stated that he continues to rely on the arguments set forth in his motion to dismiss.

On July 1, 2010, the petitioner filed a letter seeking to voluntarily withdraw his petition, and stating that he would re-file the petition at a later date. In response, on July 2, 2010, the respondent filed another letter with this court stating that he normally would welcome a petitioner's request to withdraw his habeas corpus petition, but that, in this case, he is concerned that the petitioner's request to withdraw is made "under a mistaken view of the law and, specifically, of his federal remedies under the AEDPA." (Respondent's July 2, 2010, Letter to the Court at 1). In particular, the respondent is concerned that the petitioner "believes that . . . he could then return to this court with a new habeas corpus petition even if the State courts deny his claims and do not reinstate his direct-appeal rights." Id. The respondent

requests that the court advise the petitioner of the consequences of withdrawing his current petition and ask the petitioner to tell the court in writing whether he still elects withdraw his petition. Accordingly, the court grants the respondent's request and asks the petitioner to confirm that he understands the consequences of withdrawing this petition at this time.

The AEDPA provides that a petitioner seeking federal habeas relief must file the petition within a one-year limitation period. 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of several dates set forth in the statute. 28 U.S.C. § 2244(d)(1)(A) - (D). The date that is relevant for the purpose of this matter is the date on which the judgment against the petitioner became final, either by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). This one-year limitation period is tolled under the statute while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations." Rhines v. Weber, 544 U.S. 269, 274-275 (2005) (citing Duncan v. Walker, 533 U.S. 167, 181-182 [2001]). In the event the petitioner's direct appeal rights are not reinstated, the fact that the petitioner sought reinstatement of these rights will have no affect on the issue of timeliness.

This court would like to commend both parties for their conduct in this matter thus far. It is clear to this court that the petitioner wishes to comply with the law and rules, and it appears that most of his filings have been made in an attempt to follow the law. The respondent's submissions have clearly set forth the issues, the procedural history of the petitioner's state case, and the relevant law for the benefit of both the petitioner and this court. The court especially commends the respondent for filing the recent letter explaining to the petitioner the

possible consequences of withdrawing his petition at this time to ensure that the petitioner's decision to withdraw is a fully informed one.

Accordingly, the court directs the petitioner to confirm by letter that he understands the consequences of withdrawing his current petition. Such a letter should be filed with this court by no later than August 25, 2010, and should indicate whether or not the petitioner wants to withdraw his current petition despite the possible consequences of this action. The court will take no further action on the defendant's motion to dismiss or the plaintiff's request to withdraw his petition pending review of the plaintiff's August 25 submission.

**NOW, THEREFORE, IT IS ORDERED** that petitioner must file a letter with this court on or before **August 25, 2010**, advising the court that he understands the potential consequences of withdrawing his pending habeas corpus petition and stating whether or not he still wants to withdraw this petition.

Dated at Milwaukee, Wisconsin this 26th day of July, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge